PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT UNITED STATES TRUSTEE
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
Telephone:    (951) 276-6990
Facsimile:    (951) 276-6973
Email:    Abram.S.Feuerstein@usdoj.gov

FILED & ENTERED

JAN 06 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY romero    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>SAMUEL SOSA,<br><br>    Debtor. | Case No. 6:16-bk-18002-MH<br><br>Chapter 7<br><br>**ORDER GRANTING MOTION BY UNITED STATES TRUSTEE TO DISMISS CASE WITH A RE-FILING BAR**<br><br>Date:    November 2, 2016<br>Time:   11:00 a.m.<br>Place:   Courtroom 303<br>           3420 Twelfth Street<br>           Riverside, CA 92501 |

The Court held a hearing on November 2, 2016 at 11:00 a.m., on the *Motion by United States Trustee to Dismiss Case with a Re-filing Bar,* docket number 7 ("Motion").

Everett L. Green, Esq. appeared on behalf of the U.S. Trustee. No other parties appeared.

Prior to the hearing, the Court issued a tentative ruling ("Tentative Ruling") granting the Motion. A true and correct copy of the Tentative Ruling is attached hereto as Exhibit 1.

-1-

Based on the pleadings and papers on file with the Court and the failure of the Debtor to file any opposition, for the reasons stated in the attached Tentative Ruling, which the Court adopts as the final ruling, notice appearing proper, and good cause appearing therefor

**IT IS ORDERED** that:

1. The Motion is **GRANTED**.
2. The bankruptcy the case is dismissed.
3. The Debtor is prohibited from filing another bankruptcy case for one year from the date of entry of this order.

####

Date: January 6, 2017

Mark Houle
United States Bankruptcy Judge

# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, November 02, 2016**                                                                 **Hearing Room**   **303**

<u>11:00 AM</u>
**6:16-18002**     **Samuel Sosa**                                                                                       **Chapter 7**

   **#3.00**     Motion by United States Trustee to Dismiss Case with a Re-Filing Bar

              EH__

                                    Docket       7

**Tentative Ruling:**

<u>**11/02/2016**</u>
<u>**BACKGROUND**</u>
         On September 6, 2016 (the "Petition Date"), Samuel Sosa (the "Debtor") filed his petition for Chapter 7 relief. Debtor had two previous Chapter 7 petitions in 2016 that were dismissed for failure to file information on March 22, 2016, and July 1, 2016.

         The deadline to file the accompanying schedules was September 20, 2016. No schedules were filed and Debtor did not file a request for an extension. On September 27, 2016, the Office of the United States Trustee ("UST") filed its Motion to Dismiss Case with a Re-Filing Bar (the "Motion"). Service was proper and no opposition has been filed.

<u>**DISCUSSION**</u>

<u>Dismissal-Bad Faith Filing</u>

         A Chapter 7 petition filed in bad faith may be dismissed "for abuse" pursuant to 11 U.S.C. § 707(b) when the debtor has primarily consumer debts. *See* 11 U.S.C. § 707(b)(3)(a) (2014). *See e.g.*, *In re Mitchell*, 357 B.R. 142, 153 (Bankr. C.D. Cal. 2006) (Judge Robles) ("abuse might include, but is not necessarily limited to, the filing of a petition in bad faith"). The Court evaluates "whether, in light of all the relevant facts and circumstances, it appears that the debtor's intention in filing a bankruptcy petition is inconsistent with the Chapter 7 goals of providing a 'fresh start' to debtors and maximizing the return to creditors." *Id*. at 154-55. The *Mitchell* court developed a list of nine non-dispositive factors:

**United States Bankruptcy Court**
**Central District of California**
**Riverside**
**Judge Mark Houle, Presiding**
**Courtroom 303 Calendar**

**Wednesday, November 02, 2016**                                                                                  **Hearing Room    303**

11:00 AM
**CONT...**     **Samuel Sosa**                                                                                                    **Chapter 7**

1. Whether the chapter 7 debtor has a likelihood of sufficient future income to fund a chapter 11, 12, or 13 plan which would pay a substantial portion of the unsecured claims;
2. Whether debtor's petition was filed as a consequence of illness, disability, unemployment, or other calamity;
3. Whether debtor obtained cash advances and consumer goods on credit exceeding his or her ability to repay;
4. Whether debtor's proposed family budget is excessive or extravagant;
5. Whether debtor's statement of income and expenses misrepresents debtor's financial condition;
6. Whether debtor made eve of bankruptcy purchases;
7. Whether debtor has a history of bankruptcy petition filings and dismissals;
8. Whether debtor has invoked the automatic stay for improper purposes, such as to delay or defeat state court litigation; and
9. Whether egregious behavior is present.

*In re Siegenberg*, 2007 WL 6371956 at *4 (Bankr. C.D. Cal. 2007) (Judge Donovan) (*citing Mitchell* at 154-55).

Here, Debtor has failed to file required documentation, and Debtor has four previous bankruptcy filings, including two in the past seven months that were dismissed for failure to file information. Moreover, Debtor lists only one creditor in the mailing list, Bank of America Home Loans, suggesting that the case was filed to stall a foreclosure. Finally, Debtor falsely represented that he did not file bankruptcy in the previous eight years, and, in totality, has demonstrated a pattern of failing to comply with the requirements of the Bankruptcy Code. While this case could be dismissed under § 707(a)(3) for failure to file required information , *see e.g.*, *In re Young*, 92 B.R. 782, 784 (Bankr. N.D. Ill. 1988) (Judge Katz) (dismissal for cause under 707(a) when debtor fails to timely file information), Debtor's pattern of conduct indicates that his intent is not to earn the "fresh start" provided by bankruptcy.

Bar to Refiling under § 349.

The court is empowered to impose a refiling bar under 11 U.S.C. § 349(a) (1994). As Collier notes, courts' analysis of this section is somewhat confused due to confounding "dismissal with prejudice" with "dismissal with injunction against future

**United States Bankruptcy Court**
**Central District of California**
**Riverside**
**Judge Mark Houle, Presiding**
**Courtroom 303 Calendar**

**Wednesday, November 02, 2016**                                                                                                           **Hearing Room    303**

11:00 AM
**CONT...        Samuel Sosa**                                                                                                                                          **Chapter 7**

filings." Collier on Bankruptcy ¶ 349.02[3]; *compare In re Garcia*, 479 B.R. 488 (Bankr. N.D. Ind. 2012) (Judge Klingeberger) (denying motion for dismissal with prejudice, but imposing three-year filing bad) *with In re Craighead*, 377 B.R. 648 (Bankr. N.D. Cal. 2007) (appearing to equate dismissal with prejudice with an injunction against refiling) (Judge Weissbrodt).

There is also a circuit split concerning whether an injunction on refiling for more than 180 days is allowed under the Bankruptcy Code. *Compare In re Frieouf*, 938 F.2d 1099 (10th Cir. 1991) (180 days is maximum allowed length of refiling injunction) *with Casse v. Key Bank Nat. Ass'n*, 198 F.3d 327 (2nd Cir. 1999) (injunction against filing for more than 180 days permissible). 11 U.S.C. § 349(a) reads:

(a) Unless, the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

The disagreement revolves around whether the qualifier "Unless, the court, for cause, orders otherwise" modifies the content after the semi-colon. *In re Leavitt* noted this disagreement, but since the court was dealing with a dismissal with prejudice, rather than an injunction against refiling, it did not resolve the issue. 209 B.R. 935, 942 (9th Cir. B.A.P. 1997). Within the Ninth Circuit, it appears the trend is to adopt the reasoning of the Second Circuit and allow injunctions for more than 180 days. *See e.g. In re Velasques*, 2012 WL 8255582 at *3 (Bankr. E.D. Cal. 2012) (Judge Lee).

*In re Velasques* stated: "The Defendant's failure to perform duties imposed by the Bankruptcy Code constitutes willful behavior sufficient to impose a 180-day bar against refiling pursuant to 11 U.S.C. § 109(g)(1)." The court imposed a two-year refiling ban. In *Velasques*, the debtor failed to disclose prior bankruptcy filings, failed to file the required documents, failed to pay the filing fee, and had filed four bankruptcies in the previous eighteen months. In separate decisions by Bankruptcy Judge Lee, two-year refiling bans were imposed when the filing fee was paid, when it did not appear the debtor had omitted the previous bankruptcy filings, and when fewer bankruptcies were filed. *In re Pinedo*, 2011 WL 10723288 (Bankr. E.D. Cal. 2011)

United States Bankruptcy Court
Central District of California
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

**Wednesday, November 02, 2016**                                                                                 **Hearing Room    303**

11:00 AM
**CONT...        Samuel Sosa**                                                                                                **Chapter 7**

(three bankruptcies in eleven months); *In re Ortega*, 2011 WL 10723285 (Bankr. E.D. Cal. 2011) (two bankruptcies in four months). Therefore, it is appropriate for this Court to enter a one-year refiling ban.

**TENTATIVE RULING**

Based on the foregoing, including the Debtor's failure to file opposition which is deemed consent to the granting of the Motion pursuant to LBR 9013-1(h), the Court is inclined to GRANT the Motion in its entirety, dismiss the case and impose a one-year re-filing bar.

APPEARANCES REQUIRED.

| Party Information |
|---|

**Debtor(s):**

   Samuel Sosa                                                                 Pro Se

**Movant(s):**

   United States Trustee (RS)                                        Represented By
                                                       Abram Feuerstein esq

**Trustee(s):**

   Lynda T. Bui (TR)                                                          Pro Se